IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| DRIP CAPITAL, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> BENXI FORWARDING TRANSFER AND SERVICES, INC., <br><br> *Defendant.* | 2:-23-CA-_37_-__ |

## COMPLAINT

Drip Capital, Inc. ("Drip Capital"), by its undersigned attorneys, for its Complaint against Benxi Forwarding Transfer and Services, Inc. ("Benxi"), alleges as follows:

*The Parties, Jurisdiction and Venue*

1. Drip Capital is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of California.

2. Benxi is a corporation organized under the laws of the State of Texas with its principal place of business in the State of Texas.

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity between the plaintiff, on the one hand, and the defendant, on the other hand, and, as alleged herein, the amount in controversy exceeds $75,000 exclusive of interest and costs.

4. Venue is proper in this Court under 28 U.S.C. §1391(b)(1) because defendant is a resident of the State in which this District is located and §1391(b)(2) because a substantial

part of the events and omissions giving rise to the claims in this case occurred in this District.

*Facts Applicable to More than One Claim for Relief*

5. Drip Capital provides, among its other commercial activities, financing on terms under which a business may finance its invoices to its own customers with (i) assignment to Drip Capital of the right to be paid and to collect the amounts of the financed invoices and (ii) the agreement of the invoice recipient customers/buyers to the assignment and their agreement to pay the amounts of the financed invoices directly to Drip Capital.

6. Drip Capital entered into such a financing arrangement with Inmobiliaria Bullcons S.A. De C.V. ("Bullcons") titled Contract of Factoring dated August 25, 2020 (the "Bullcons Agreement").

7. Thereafter, in accordance with the Bullcons Agreement's contemplated procedures, Benxi agreed to the assignment to Drip Capital of invoices from Bullcons to Benxi.

8. Benxi made such agreement including in the Notification of Export Factoring Agreement signed by Benxi and dated October 5, 2020 (the "Benxi Agreement"), which Benxi delivered to Drip Capital.

9. Benxi thereafter received invoices from Bullcons for Benxi's transactions with Bullcons which had been financed by Drip Capital and which Benxi was obligated to pay to Drip Capital.

10. Those invoices included the following specific statement, consistent with the requirement that Benxi make payment to Drip Capital under the Bullcons Agreement and the Benxi Agreement:

> "Current obligations and commercial terms of INMOBILIARIA BULLCONS, S.A. DE C.V. will remain intact and will not be adversely affected by this factoring arrangement.

This includes the same payment terms, due date, etc. INMOBILIARIA BULLCONS, S.A. DE C.V. only requests that all outstanding invoices should be paid directly to Drip's US bank account which is stated below. This invoice has been sold and assigned to Drip Capital Inc.555 Bryant St #356 Palo Alto, CA 04301 USA. Please remit all United States Dollars (USD) payments electronically to:

"Drip Capital Bank Details
Bank Name: JP Morgan Chose Bank,
Bank Address: JP Morgan Chose New York, NY 10017
Routing Number, ABA#: 021000021
Swift code: CHASUS33
Account name: Drip Capital Inc
Account No. xxxxxxxxxx1325
Company Address: 555 Bryant Street #356, Palo Alto, CA"

11. From the inception of the Bullcons Agreement and the Benxi Agreement, Benxi paid millions of dollars to Drip Capital.

12. Benxi and its affiliated companies were in fact familiar with such financing arrangements because Benxi's affiliated companies, known as Grupo Aduanal Barrera Berlanga ("Barrera Berlanga"), had entered into such a financing arrangement, in or around the spring of 2021, through which Barrera Berlanga financed its invoices to Benxi through Drip Capital and Benxi agreed to the assignment and to pay Drip Capital amounts owed on financed invoices, and did in fact pay Drip Capital, on financed invoices, as in the manner required under the Bullcons Agreement and the Benxi Agreement.

13. As called for by those agreements, Benxi made many payments directly to Drip Capital, although it also made payments at times through Bullcons (even though payment over to Bullcons did not relieve Benxi of its obligation to pay Drip Capital unless there was remittance of any such payments on from Bullcons to Drip Capital).

14. In accordance with the Bullcons Agreement and the Benxi Agreement, Benxi was obligated to pay Drip Capital in specific amounts for transactions reflected in purchase orders,

invoices, trucking receipts and pedimentos.

15. In around the spring of 2023, Benxi ceased making the payments due in accordance with the Bullcons Agreement and the Benxi Agreement.

16. The amount of at least $1,552,110 remains unpaid to Drip Capital as of the filing of this Complaint (exclusive of available interest and fees and costs recovery allowed under law or by agreement).

17. This action is now brought to recover that and all other amounts owed by Benxi to Drip Capital.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

18. Drip Capital realleges and incorporates by reference all of the allegations above.

19. The Benxi Agreement is an enforceable contract, Drip Capital has performed all of its duties under and in relation to the Benxi Agreement. Benxi has breached the Benxi Agreement by failing to make the payments owed to Drip Capital as alleged above and Benxi is now, therefore, liable to Drip Capital in the amount of no less than $1,552,110, together with such other relief allowed at law and by this Court.

## SECOND CAUSE OF ACTION
### (Recovery of Attorneys' Fees under
### Sections 38.001 and 38.002 of
### the Texas Civil Practice & Remedies Code)

20. Drip Capital realleges and incorporates by reference all of the allegations above.

21. Drip Capital, through its counsel, has made demand for payment of the amount owed by Benxi and sued for herein, including in a letter dated August 4, 2023, in accordance with the provisions of Sections 38.001 and 38.002 of the Texas Civil Practice & Remedies Code

and, unless payment is made within 30 days of such letter as provided in those Sections, Benxi shall be liable to Drip Capital for the recovery of Drip Capital's attorneys' fees in connection with this case.

## PRAYER FOR RELIEF

WHEREFORE, Drip Capital respectfully prays for judgment in its favor as follows:

(i) for damages for breach of contract in the amount of no less than $1,552,110; and

(ii) for recovery of its reasonable attorneys' fees in connection with this case;

together with the costs of this action, plus pre-judgment and post-judgment interest, as provided by law, and any other relief allowed at law and by this Court.

DATED: August 8, 2023

Respectfully submitted,

Richard J.J. Scarola
New York Bar No.: 1885177
Scarola Zubatov Schaffzin PLLC
620 Fifth Avenue, 2nd Floor
New York, NY 10020
Tel: (212) 757-0007
Fax: (212) 757-0469
Email: rjjs@szslaw.com

*/s/ Rand J. Riklin*
Rand J. Riklin
Texas Bar No.: 16924275
Goode Casseb Riklin Choate & Watson
2122 N. Main Ave.
P.O. Box 120480
San Antonio, Texas 7822-9680
Telephone: (210) 733-6030
Facsimile: (210) 733-0330
E-mail: riklin@goodelaw.com