THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

F I L E D

MAR - 8 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| DRIP CAPITAL, INC., § | |
| Plaintiff, § | |
| § | |
| v. § | Criminal No. DR-23-CV-00037-AM |
| § | |
| BENXI FORWARDING TRANSFER § | |
| AND SERVICES, INC., § | |
| Defendants. § | |

## ORDER

Before the Court is the Report and Recommendation of the Honorable Matthew H. Watters, United States Magistrate Judge. (ECF No. 17.) On August 8, 2023, the Court referred all pretrial matters to Judge Watters under Title 28 U.S.C. § 636. Judge Watters now recommends granting Plaintiff Drip Capital, Inc.'s motions for default judgment [ECF No. 14]. No party timely objected. Upon review, the Court **ADOPTS** the Report and Recommendation.

## I. BACKGROUND

This matter arises from a contract dispute. The Plaintiff alleges that Defendant Benxi Forwarding Transfer and Services, Inc. agreed to pay the Plaintiff on financed invoices and failed to do so beginning early 2023. (Compl., ECF No. 1, at 3-4.) After the Defendant failed to timely file an answer, the Plaintiff moved for Entry of Default. (Mot. for Clerk's Entry of Default, ECF No. 10.) The Court granted the motion and entered default on October 30, 2023. (Order, ECF No. 13.) The Plaintiff filed a Motion for Default Judgment on November 10, 2023. (Mot. for Default J., ECF No. 14.) On December 8, 2023, Judge Watters requested supplemental briefing concerning the effect of certain contractual language. (Order, ECF No. 15.) The Plaintiff filed an additional brief on December 20, 2023. (Brief, ECF No. 16.) Judge Watters then entered his

Report and Recommendation recommending grant of default judgment, an award of $1,552,110.00, and pre- and post-judgment interest. (ECF No. 17.)

## II. STANDARD OF REVIEW

Parties may object to the proposed findings and recommendations of a magistrate judge within fourteen days after service of a report and recommendation. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). No objections to Judge Watters's Report and Recommendation have been filed to date. Accordingly, the Court need not review this matter *de novo*. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). The Court need only decide whether the Report's proposed findings and recommendations are clearly erroneous or contrary to law. *Id.* at 1429.

## III. ANALYSIS

The Court has reviewed Judge Watters's Report and Recommendation [ECF No. 17] and finds neither clear error nor any proposed finding or conclusion contrary to law. The Report and Recommendation correctly concluded that the Court's entry of default and the Plaintiff's pleadings suffice for liability to attach under Texas law for the contractual breaches alleged. (ECF No. 17 at 4-5 (citing *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490 (5th Cir. 2015) (default judgment proper where well-pleaded allegations, taken as true, state claim entitling party to relief); *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019) (reciting contractual breach elements)). The Report and Recommendation correctly determined the issue of damages without an evidentiary hearing because damages could be established "with certainty by reference to the pleadings and supporting documents alone." *Frame v. S-H, Inc.*, 967 F.2d 194, 204 (5th Cir. 1992). Here, the Plaintiff's 778 unpaid invoices suffice to establish damages in the amount of $1,552,110.00. (*See* ECF No. 17 at 5-7.) Aided by the Plaintiff's additional briefing,

the Report and Recommendation correctly determined no ambiguity existed in the contractual language that would destroy the Court's ability to compute a sum certain or limit the Plaintiff's ability to recover the full amount sought. (*See id.*; *see also* Brief, ECF No. 16.) Last, the Report and Recommendation correctly applied Texas law to the Plaintiff's claim for pre-judgment interest and federal law to the Plaintiff's post-judgment interest and recommended award of both to the Plaintiff. (*Id.* at 7-8 (citing 28 U.S.C. § 1961; *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010); *Siam v. Mt. Vista Builders*, 544 S.W.3d 504, 512–13 (Tex.App.—El Paso 2018, no pet.); *Chevron TCI, Inc. v. Capitol House Hotel Manager, L.L.C.*, No. 22-30271, 2023 U.S. App. LEXIS 23223, at *21 (5th Cir. 2023) (per curiam)).)

Pre-judgment interest in a diversity case is calculated in accordance with state law. *Bos. Old Colony Ins. Co. v. Tiner Assocs. Inc.*, 288 F.3d 222, 234 (5th Cir. 2002). Under Texas law, pre-judgment interest is calculated at the post-judgment interest rate. Tex. Fin. Code § 304.103; *see Arete Partners, L.P. v. Gunnerman*, 643 F.3d 410, 412-15 (5th Cir. 2011) (discussing *Johnson & Higgins, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 530-531 (Tex. 1998)). Pre-judgment interest is thus dependent on the determination of the post-judgment interest rate. Post-judgment interest in a diversity case is calculated in accordance with federal law. *Bos. Old Colony*, 288 F.3d at 234 (citing *Nissho-Iwai Co. v. Occidental Crude Sales*, 848 F.2d 613 (5th Cir. 1988)). Post-judgment "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 USCS § 1961(a). Section 1961(a) further stipulates that the interest is calculated from the date that the judgment is entered. *Id.*

The post-judgment interest rate, calculated as the average 1-year constant maturity Treasury yield published by the Board of Governors of the Federal Reserve System for the calendar week preceding this judgment, is 5.00 percent. *See* FED. RSRV. OF ST. LOUIS, *Market Yield on U.S. Treasury Securities at 1-Year Constant Maturity, Quoted on an Investment Basis*, https://fred.stlouisfed.org/series/DGS1/ (last accessed March 8, 2024). Because the state post-judgment interest rate determines the pre-judgment interest rate, the pre-judgment interest rate applied is 5.00 percent. The Texas Financial Code further stipulates that pre-judgment interest should be calculated as simple interest. Tex. Fin. Code § 304.104. Pre-judgment interest "accrues on the amount of a judgment during the period beginning on the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed and ending on the day preceding the date judgment is rendered." *Id.*; *see Arete Partners*, 643 F.3d at 412-15 (discussing *Johnson & Higgins*, 962 S.W.2d at 530-531). This suit was filed on August 8, 2023, earlier than 180 days after the Defendant received written notice of the claim. (*Compare* Compl., ECF No. 1, *and* Summons, ECF No. 8.)

As noted above, post-judgment interest in a diversity case is calculated in accordance with federal law. *Bos. Old Colony*, 288 F.3d at 234 (citing *Nissho-Iwai*, 848 F.2d 613). Federal law stipulates that post-judgment interest compounds annually from the date of the entry of judgment. 28 U.S.C. § 1961(b). As provided above, the post-judgement interest rate is 5.00 percent.

Accordingly, the pre-judgment interest is computed as simple interest at a rate of 5.00 percent and post-judgment interest is calculated at a rate of 5.00 percent compounded annually until the judgment is paid.

4

## IV. CONCLUSION

Accordingly, the Court **ADOPTS** Judge Watters's Report and Recommendation [ECF No. 17] and **GRANTS** the Plaintiff's Motion for Default Judgment. (ECF No. 14.) The Court hereby **ORDERS, ADJUDGES, AND DECREES** that the Plaintiff has judgment against the Defendant: (i) in the liquidated amount of $1,552,110; (ii) plus simple interest at the rate of 5.00 percent on the principal amount since August 8, 2023, through the date before entry of this Judgment, in accordance with Tex. Fin. Code §§304.003, 304.006, and 304.103; (iii) with additional interest to accrue upon the Judgment at the rate of 5.00 percent, to be compounded annually, until the Judgment is satisfied, in accordance with 28 U.S.C. § 1961. The Plaintiff is **ORDERED** to submit documentation regarding reasonable attorneys' fees so the Court may address those fees in a future order.

SIGNED and ENTERED on this ___ day of March, 2024.

ALIA MOSES
Chief United States District Judge